pressly rule on the objection. *Barnes v. Tools & Machinery Builders, Inc.,* 715 S.W.2d 518, 523 (Mo. banc 1986). No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law would have no precedential or jurisprudential value. Judgment affirmed in accordance with 84.16(b).

lief without an evidentiary hearing. We affirm. Further, we find no jurisprudential purpose or precedential value would be served by a published opinion and affirm by summary order. Rule 84.16(b); 30.25(b). A memorandum has been provided to the parties for their use only.

Judgments affirmed.

---

**STATE of Missouri, Respondent,**

v.

**Darris WALTERS, Appellant.**

**Darris WALTERS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 69241, 72220.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 31, 1998.

Raymund J. Capelovitch, Asst. Public Defender, St.Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

Before ROBERT G. DOWD, Jr., P.J., and SIMON and HOFF, JJ.

### ORDER

PER CURIAM.

Darris Walters (Movant) appeals from the judgment entered after his conviction for second degree murder and armed criminal action. His direct appeal was consolidated with his appeal from the judgment denying his Rule 29.15 motion for post-conviction re-

---

**STATE of Missouri, Plaintiff/Respondent,**

v.

**Joel CHANEY, Defendant/Appellant.**

**No. 72254.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 31, 1998.

Amy M. Bartholow, Asst. Public Defender, Columbia, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

Before ROBERT G. DOWD, Jr., P.J., and SIMON and HOFF, JJ.

### ORDER

PER CURIAM.

Joel Chaney, Defendant, appeals from judgment entered on a jury verdict finding him guilty of two counts of assault in the first degree, in violation of Section 565.050, RSMo, and two counts of armed criminal action in violation of Section 571.015, RSMo. He was sentenced to a term of imprisonment of eighteen years to be served concurrently.